IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

OFELIA HERNANDEZ,

    Plaintiff,

vs.                                                          Civ. No. 11-245 JP/CG

SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Ofelia Hernandez asserts that this case should be remanded to state court due to deficiencies in Defendant Safeco Insurance Company of America's NOTICE OF REMOVAL (Doc. No. 1), filed March 18, 2011. *See* MOTION TO REMAND TO STATE COURT (Doc. No. 6) (MOTION TO REMAND), filed April 5, 2011. First, Plaintiff challenges whether the NOTICE OF REMOVAL supports Defendant's claim that this Court has federal diversity jurisdiction under 28 U.S.C. §1332(a).[1] Specifically, Plaintiff contends that the Defendant has not shown by a preponderance of the evidence that the amount in controversy requirement of federal diversity jurisdiction has been met. Second, Plaintiff challenges whether Defendant timely filed the NOTICE OF REMOVAL under 28 U.S.C. §1446(b).[2] Having reviewed the briefs and relevant law, the Court determines that 1) the Defendant has failed to show by a

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States...." 28 U.S.C. §1332(a).

[2] The provision of the Federal Rules of Civil Procedure which applies to the timeliness of the NOTICE OF REMOVAL in this case states that a notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading ... from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. §1446(b).

preponderance of the evidence that the amount in controversy exceeds $75,000, and 2) this Court, therefore, cannot exercise federal diversity jurisdiction over this case. Hence, the Court concludes that this case should be remanded to state court due to lack of federal subject matter jurisdiction.

A. *Background*

   *1. The Cause of Action*

Plaintiff filed this case on November 24, 2010 in the Fifth Judicial District Court, County of Eddy, State of New Mexico. Plaintiff apparently did not serve the initial complaint on Defendant. Then, on January 18, 2011, Plaintiff filed a FIRST AMENDED COMPLAINT FOR DAMAGES FROM PERSONAL INJURY, FOR RECOVERY OF UNDERINSURED MOTORIST BENEFITS PURSUANT TO AN INSURANCE CONTRACT, BREACH OF CONTRACT, AND INSURANCE BAD FAITH (Doc. No. 1-1) (FIRST AMENDED COMPLAINT).

Plaintiff alleges in the FIRST AMENDED COMPLAINT that on April 20, 2006 she was driving a vehicle in Carlsbad, New Mexico when she was rear-ended as she slowed down to enter an intersection. Plaintiff further alleges that "[a]s a result of the collision, [she] suffered serious personal injuries from which she continues to suffer today." FIRST AMENDED COMPLAINT at ¶5. Plaintiff brings the following claims against Defendant: 1) a claim for underinsured motorist benefits, 2) a breach of contract claim, 3) an insurance bad faith claim,

and 4) a claim for punitive damages.[3]  Plaintiff seeks damages against Defendant for past and future medical expenses, past and future pain and suffering, lost wages, loss of earning ability, loss of enjoyment of life, punitive damages, and attorney's fees.  Plaintiff does not specify in the FIRST AMENDED COMPLAINT what injuries she received in the accident nor does Plaintiff indicate in the FIRST AMENDED COMPLAINT that she is seeking any specific amount of damages.

   *2. Facts Related to the Amount in Controversy Issue*

   Defendant asserts in the NOTICE OF REMOVAL that although Plaintiff does not allege a specific amount of damages in the FIRST AMENDED COMPLAINT, the amount in controversy exceeds $75,000 based on the following allegations in the FIRST AMENDED COMPLAINT: 1) Plaintiff suffered "serious personal injuries" as a result of the accident; 2) Plaintiff incurred damages for past and future medical expenses, past and future pain and suffering, lost wages, lost earning capacity, and loss of enjoyment of life; 3) Plaintiff is entitled to an award of punitive damages; and 4) Plaintiff is entitled to an award of attorney's fees. NOTICE OF REMOVAL at ¶7.  Moreover, Defendant attached to DEFENDANT'S RESPONSE TO MOTION TO REMAND TO STATE COURT (Doc. No. 10) (RESPONSE), filed April 22, 2011, a settlement letter dated January 23, 2009 from Plaintiff's counsel to Defendant which states: "[W]e firmly believe Ofelia is entitled to the UIM benefit remaining, after credit of the settlement with the responsible driver's liability carrier of $175,000.00." Ex. 10-1 at 2.  In

---

   [3]Curiously, the FIRST AMENDED COMPLAINT appears to bring a negligence claim, a negligence *per se* claim, and a punitive damages claim against the driver who hit Plaintiff although Plaintiff does not name the driver as a defendant nor is there any indication that Plaintiff served the FIRST AMENDED COMPLAINT on that driver.  Plaintiff apparently settled her claims with the driver.

addition, after Plaintiff filed the MOTION TO REMAND, the Court requested the Plaintiff to file an affidavit or declaration regarding the amount of damages she is claiming. Letter to Counsel, dated April 11, 2011. On April 29, 2011, Plaintiff filed a NOTICE OF FILING AFFIDAVIT OF OFELIA HERNANDEZ (Doc. No. 13) in which Plaintiff states in her AFFIDAVIT OF OFELIA HERNANDEZ (Doc. No. 13-1) that she "believe[s] that the total amount of [her] claim exceeds $75,000."

     *3. Facts Related to the Timeliness Issue*

On January 24, 2011, the state district court judge issued a SUMMONS (Doc. No. 1-1) directed to Defendant. The New Mexico Superintendent of Insurance subsequently accepted service of process on behalf of Defendant on February 11, 2011. CERTIFICATE (Doc. No. 6-2), dated the "21st day of February  2010 [sic] A.D." The New Mexico Superintendent of Insurance forwarded a copy of the SUMMONS and FIRST AMENDED COMPLAINT to Defendant which was received by Defendant on February 16, 2011. *See* Return Receipt (Doc. No. 32-1) at 3, filed Aug. 30, 2011.

Plaintiff argues that the 30 day period for filing the NOTICE OF REMOVAL began on February 11, 2011, the date the New Mexico Superintendent of Insurance accepted service of process on behalf of Defendant. Using this date, Defendant would have untimely filed the March 18, 2011 NOTICE OF REMOVAL. Defendant contends, however, that the 30 day period for filing the NOTICE OF REMOVAL began on February 16, 2011, the date the Defendant actually received a copy of the SUMMONS and FIRST AMENDED COMPLAINT. Defendant, therefore, argues that it timely filed the NOTICE OF REMOVAL on March 18, 2011.

*B. Discussion*

The Court will address first the controlling issue of whether the Court can exercise federal diversity jurisdiction over this case. To begin with, the Court notes that there is a general presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Consequently, courts strictly construe the removal statutes and resolve any ambiguities or doubts concerning the propriety of a removal against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Additionally, it is well-established that the removing party must prove jurisdictional facts, like the amount in controversy, by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. In other words, the amount in controversy "must be affirmatively established on the face of either the [complaint] or the notice of removal." *Id*. A post-removal "economic analysis" of a plaintiff's claim for damages to establish the amount in controversy does not suffice to demonstrate the existence of diversity jurisdiction at the time the defendant filed the notice of removal. *Id*.

*1. Post-Removal Evidence of the Amount in Controversy: The Settlement Letter and Plaintiff's Affidavit*

It is undisputed that the post-removal production of the settlement letter and Plaintiff's post-removal affidavit directly support a claimed amount in controversy exceeding $75,000. The Tenth Circuit Court of Appeals, however, has consistently held that a court cannot consider post-removal documents in determining the amount in controversy. *See id*.; *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1291 n. 4 (10th Cir. 2001) (quoting *Laughlin*, 50 F.3d at 873). *See*

*also McCallick v. Wal-Mart Stores, Inc.*, No. CIV 97-1500 BB/WWD, Memorandum Opinion and Order (Doc. No. 18) at 2-3 (D.N.M. April 3, 1998) (unpublished decision).  Instead, the Court is limited to examining the complaint or the notice of removal, including any documents that may be attached to those pleadings.  *See McPhail*, 529 F.3d at 956-57 (proper for defendant to attach to the notice of removal various kinds of documents including documents related to settlement offers).  Since the Defendant first produced the settlement letter when Defendant attached it to the RESPONSE and Plaintiff made her AFFIDAVIT OF OFELIA HERNANDEZ on April 29, 2011, the Court is barred from considering these post-removal documents in deciding if Defendant has shown by a preponderance of the evidence that the amount in controversy has been met.  Moreover, the Court notes that it must determine the amount in controversy independent of any stipulation by Plaintiff regarding the amount in controversy. *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp*., 149 Fed. Appx. 775, 778 (10th Cir. 2005) (unpublished decision) (stipulation to amount in controversy is irrelevant because the Court is obliged to examine only supporting facts found in the complaint or in the notice of removal); *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1079 n. 4 (10th Cir. 1999) ("[T]he parties cannot 'concede' jurisdiction by agreeing that the jurisdictional amount requirement has been satisfied.  The court's obligation to determine the presence of the appropriate amount in controversy is independent of the parties' stipulations.").  In sum, the settlement letter and Plaintiff's affidavit are not appropriate evidence of the amount in controversy.

    2. *Allegations in the NOTICE OF REMOVAL and in the FIRST AMENDED COMPLAINT*

Defendant asserts in the NOTICE OF REMOVAL that the FIRST AMENDED COMPLAINT alleges sufficient facts to show by a preponderance of the evidence that the

amount in controversy is met. If a complaint, as in this case, does not contain a specific "numerical value" for the damages claimed, a defendant can, nonetheless, rely on the complaint to determine the amount in controversy if the complaint "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000...." *McPhail*, 529 F.3d at 955. Once a calculation or estimate of damages exceeding $75,000 has been gleaned from the complaint, the case will remain in federal court "'unless it is legally certain that the controversy is worth less than the jurisdictional minimum.'" *Id*. at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (citations omitted)).

It is clear that "a court may aggregate actual damages, punitive damages, [and] attorney's fees" to determine the amount in controversy. *Wiatt v. State Farm Ins. Companies*, 560 F.Supp.2d 1068, 1075 (D. N.M. 2007). However, general or vague allegations in a complaint of a "serious" injury and resulting damages make it impossible for a court to determine whether the amount in controversy exceeds $75,000. *See, e.g., Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) (in the context of a motion to dismiss for lack of federal diversity jurisdiction, Tenth Circuit noted that "general statements" in the complaint regarding damages does not establish the requisite amount in controversy); *Edginton-Steward v. Wal-Mart Corp.*, No. 11-4686 (RMB/JS), 2011 WL 3625599, at *1-2 (D.N.J. Aug. 17, 2011) (allegation of "vague and unspecified injuries" in the complaint as well as allegations of "severe and permanent" injuries, pain, mental anguish, and loss of consortium are insufficient to establish amount in controversy; "a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden;" and the court should not have to "guess" if the amount in controversy has been met); *Gutierrez v. Kimzey Casing Service, LLC*, No. 2:10-CV-1064 CW, 2011 WL 810131, at *1-2 (D. Utah March 1, 2011) (where the complaint describes

"serious" injuries resulting in several types of damages which could potentially increase the amount of recovery but the complaint is ambiguous as to the extent of the injuries, the court is not expected to speculate as to whether the amount in controversy is met); *Armur v. Transamerica Life Ins. Co.*, No. 10-2136-EFM, 2010 WL 4180459, at *3 (D. Kan. Oct. 20, 2010) ("[G]eneral allegations are insufficient...."); *McCallick*, No. CIV 97-1500 BB/WWD, Memorandum Opinion and Order (Doc. No. 18) at 3-4 (where complaint does not indicate exact injuries suffered by plaintiff and the complaint fails "to specify the amount of [plaintiff's] medical bills, and [makes] only broad allegations of 'permanent' injury, 'severe' pain, and 'large' medical bills," defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000); *Ransom v. Wal-Mart Stores, Inc.*, 920 F.Supp. 176, 177-78 (M.D. Ga. 1996) (allegation in complaint of "serious injury" and damages including medical expenses, lost wages, mental and physical pain and suffering, and loss of consortium led the district court to conclude that "[i]f the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court.  The amount in controversy requirement would be rendered meaningless.").  For example, in *Randell v. Wal-Mart Stores, Inc.*, No. 11-cv-00031-WYD-CBS, 2011 WL 198407, at *1 (D. Colo. Jan. 20, 2011), a case very similar to this one, the defendant, like the Defendant here, referred to the complaint in the notice of removal as support for the defendant's assertion that the amount in controversy was met.  The plaintiff alleged in the complaint that she sustained a "serious" or "grievous" injury in a slip and fall accident which resulted in: 1) a need for prescriptive medicines and medical services; 2) Plaintiff becoming permanently physically disfigured, disabled, and impaired; and 3) the following damages: past and future medical expenses, past and future lost earnings, loss of earning capacity, past and

future pain and suffering, emotional injury, and loss of enjoyment of life.  The district court found that it was "not facially apparent from the Complaint that the amount in controversy exceed[ed] $75,000" and that the defendant "failed to present such jurisdictional facts, or provide any detail as to what Plaintiff's injuries [were] and how they may [have] result[ed] in damages that exceed the jurisdictional amount."  *Id*. at *2.  Under these circumstances, the "defendant must do more than broadly reference" the plaintiff's complaint.  *See Buckman v. United American Ins. Co.*, No. 07-CV-616-CVE-FHM, 2007 WL 3231715, at *2 (N.D. Okla. Oct. 29, 2007) (unpublished decision).  *See also McCallick*, No. CIV 97-1500 BB/WWD, Memorandum Opinion and Order (Doc. No. 18) at 4 ("[Q]uoting the allegations of the complaint [in the notice of removal] does not meet Defendant's burden of setting forth <u>facts</u> tending to establish the amount in controversy.").  Rather, the defendant must set forth specific facts in the notice of removal which show by a preponderance of the evidence that the amount in controversy is met.

In this case, Defendant refers in the NOTICE OF REMOVAL to Plaintiff's allegations in the FIRST AMENDED COMPLAINT that she suffered from unspecified "serious personal injuries" as a result of a rear-end collision on a city street and that she should be awarded various types of damages for an unspecified amount of money.[4]  These vague and general allegations are simply insufficient for the Court to estimate, without resorting to speculation, what Plaintiff's claimed damages amount to and whether those damages exceed  $75,000.  Because the FIRST

---

[4]The Court notes that Plaintiff is not seeking total compensation for her injuries from Defendant.  Plaintiff, having apparently settled with the driver who rear-ended her, will receive or has received partial compensation from that driver or the driver's insurance company.  Plaintiff is now seeking from Defendant the remaining amount of compensation by bringing an undersinsured motorist benefits claim, and other claims, against Defendant.

AMENDED COMPLAINT does not suffice to show that the amount in controversy is met, the Defendant should have provided specific facts in the NOTICE OF REMOVAL to demonstrate that Plaintiff's damages exceed $75,000.  Defendant, however, did not provide any specific facts in the NOTICE OF REMOVAL.   Having failed to provide specific facts in the NOTICE OF REMOVAL from which the Court could determine if the amount in controversy is met, the Court can only conclude that the Defendant has not proved by a preponderance of the evidence that Plaintiff's damages exceed $75,000.  Since the Court presumes that there is no removal jurisdiction and the Court resolves doubts against removal, and since Defendant has not carried its burden of showing that this Court can exercise federal diversity jurisdiction over this case, the Court must remand this case to state court for lack of federal subject matter jurisdiction.[5]

IT IS ORDERED that Plaintiff's MOTION TO REMAND TO STATE COURT (Doc. No. 6) is granted and that this case will be remanded to the Fifth Judicial District Court, County of Eddy, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Having determined that this Court lacks federal subject matter jurisdiction, the Court finds it unnecessary to address the issue of whether the Defendant timely filed the NOTICE OF REMOVAL.